IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS BRAN,<br><br>        Plaintiff,<br><br>   vs.<br><br>SUN PACIFIC FARMING COOPERATIVE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 06-0871LJO TAG<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>(Doc. 29.) |

**INTRODUCTION**

In this farm laborer wage and overtime action, defendants Sun Pacific Farming Cooperative and Sun Pacific Farming Co. (collectively "Sun Pacific") ask this Court to refrain to exercise supplemental jurisdiction over plaintiffs Sandra Garcia ("Ms. Garcia") and Antonio Pompa ("Mr. Pompa") eight state law claims and to dismiss plaintiffs' claims. Sun Pacific alternatively seeks to strike plaintiffs' profits disgorgement claim from one of plaintiffs' causes of action. This Court considered Sun Pacific's alternative motions on the record, pursuant to Local Rule 78-230(h). This Court VACATES the March 26, 2007 hearing and DENIES Sun Pacific's requested relief other than striking plaintiffs' profits disgorgement claim.

**BACKGROUND**

**State Court Action**

Plaintiffs are seasonal farm workers who worked in vineyards and a packing shed owned and

operated by Sun Pacific, which grows table grapes and other crops. On October 29, 2004, former plaintiff Tomas Bran ("Mr. Bran") filed in Kern County Superior Court his action entitled *Tomas Bran v. Sun Pacific Farming Cooperative, Inc., et al.*, Case No. S-1500-CV-254102 ("Kern action"). In the Kern action, Mr. Bran alleged nearly identical claims to those at issue in this action. In sum, Mr. Bran alleged that Sun Pacific employed migrant, year-round and seasonal laborers to harvest and pick table grapes but failed to pay for all hours worked and to pay overtime, to provide meal and rest periods, and to keep accurate records.

In the Kern action, Mr. Bran did not seek class certification and claims that his counsel devoted efforts to settle. Mr. Braun dismissed the Kern action without prejudice on December 7, 2005, two court days prior to trial.

**Federal Action**

On July 10, 2006, Mr. Bran filed his original complaint in this action to allege a cause of action for violation of the Migrant and Seasonal Agricultural Workers Protection Act ("Workers Protection Act"), 29 U.S.C. §§ 1801, et seq. and seven state law causes of action (breach of contract, failure to pay wages and/or overtime, failure to allow meal and rest breaks pursuant to Cal. Lab. Code, § 226.7, failure to keep accurate information and to provide accurate statements of hours and wages under Cal. Lab. Code, § 226 and IWC Wage Order 14, waiting time and penalties under Cal. Lab. Code, § 203, and unfair competition under Cal. Bus. & Prof. Code, § 17200). On October 13, 2006, Mr. Bran was voluntarily dismissed from this action as plaintiff and class representative in that as a tractor driver, he is excluded as a "seasonal agricultural worker" under the Workers Protection Act.

On October 13, 2006, Ms. Garcia and Mr. Pompa (collectively "plaintiffs") filed the first amended complaint at issue here to replace Mr. Bran as plaintiff and class representative and to add a cause of action for failure to reimburse expenses to violate California Labor Code section 2802.

**Sun Pacific's Alternative Motions**

With its alternative motions to dismiss or for a more definite statement, Sun Pacific seeks:

1. This Court's declination to exercise supplemental jurisdiction over plaintiffs' eight state law claims and a stay of plaintiff's Workers Protection Act claims pending state court adjudication of plaintiff's eight state law claims;

2.  Dismissal of plaintiffs' claims based on failure to plead facts sufficient and a more particular statement of plaintiffs' wage and penalty claims;

3.  Dismissal of plaintiffs' failure to allow meal and rest breaks pursuant to California Labor Code section 226.7 in the absence of a private right of action for such claims; and

4.  Striking plaintiffs' claim for profits disgorgement under plaintiff's unfair competition claim pursuant to California Business and Professions Code section 17200.

## DISCUSSION

### Supplemental Jurisdiction Of State Law Claims

Sun Pacific asks this Court to decline to exercise jurisdiction over plaintiffs' eight state law causes of action and to delay to address plaintiff's federal Workers Protection Act claim until state court resolution of plaintiffs' state law claims. Plaintiffs respond that most of their state law claims fall within the penumbra of rights protected by the Worker Protection Act and invoke federal jurisdiction through incorporation by the Workers Protection Act.

28 U.S.C. § 1367 addresses supplemental jurisdiction and empowers a district court "in any civil action of which the district courts have original jurisdiction" to exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a claim if the claim "raises a novel or complex issue of State law" or "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(1), (2).

#### *Same Case Or Controversy*

To invoke supplemental jurisdiction, "state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1139 (1966).

Plaintiffs argue that the Workers Protection Act "serves as an umbrella incorporating, and effectively conferring federal jurisdiction in connection with, applicable state labor law for protection

of agricultural workers." As noted by plaintiffs, the Workers Protection Act provides many protections for seasonal agricultural workers, including payment of wages when due. *Medrano v. D'Arrigo Bros. Co. of Cal.*, 125 F.Supp.2d 1163, 1165 (N.D. Cal. 2000.) The Workers Protection Act creates a private right of action and authorizes statutory damages awards. 29 U.S.C. § 1854. The Workers Protection Act does not define or explain which substantive rights define wages owed under it. *Medrano*, 125 F.Supp.2d at 1166. An employer's obligation to pay wages arise from many substantive sources, and the Workers Protection Act provides that "wages must be paid when due, without limiting the source of the obligation." *Medrano*, 125 F.Supp.2d at 1166-1167. The Workers Protection Act does not indicate that an employer's obligation to pay may arise only from the Workers Protection Act. *Medrano*, 125 F.Supp.2d at 1167.

Sun Pacific fails meaningfully to address plaintiffs' points regarding the umbrella effect of the Workers Protection Act. California wage law provides a source for plaintiffs' Workers Protection Act claims. *See Medrano*, 125 F.Supp.2d at 1168. Plaintiffs' state law claims satisfy the same case or controversy requirement of 28 U.S.C. 1367(a).

### *Predominating State Claims*

Sun Pacific argues that plaintiffs' state law claims predominate in that there are eight of them (compared to sole federal Workers Protection Act claim) and there is no cognizable right or remedy under the Workers Protection Act that "is not already available under one or more of Plaintiffs' state-law claims." Sun Pacific characterizes plaintiffs' Workers Protection Act claims as superfluous. Contrary to Sun Pacific's unsupported contention, the Workers Protection Act is construed broadly to promote its remedial and humanitarian purpose. *Medrano*, 125 F.2d at 1168. Sun Pacific fails to demonstrate predomination of state law issues given that plaintiffs' Workers Protection Act and state law claims derive from a common nucleus of operative fact to support this Court's supplemental jurisdiction.

### *Novel And Complex State Law Issues*

Sun Pacific asserts that plaintiffs' state law claims raise novel and unresolved complex state law issues, including whether there is a private right of action to sue for meal and rest period penalties under California Labor Code section 226.7 and whether plaintiffs' claims for meal and rest periods seek penalties, not wages. Plaintiffs respond that the law governing plaintiffs' claims is largely settled and

not difficult to apply. Plaintiffs correctly note that the issue whether plaintiffs will recover wages or penalties is not dispositive of Sun's Pacific's liability. Sun Pacific fails to demonstrate that novel or complex state law issues prevent this Court to exercise supplemental jurisdiction.

### *Judicial Economy*

As noted by plaintiffs, deciding plaintiffs' Workers Protection Act and state law claims will promote judicial economy and avoid piecemeal litigation of plaintiffs' claims. Sun Pacific fails to refute the intertwined discovery of the Workers Protection Act and state law claims.

### **Sufficiency Of Claims**

Sun Pacific argues that plaintiffs' first amended complaint is subject to F.R.Civ.P. 12(b)(6) dismissal because it fails to plead particular facts to entitle plaintiffs to unpaid wages and penalties under California law and to calculate alleged sums owed to plaintiffs. Plaintiffs respond that the first amended complaint alleges in great detail specific facts of wage violations and how plaintiffs worked for time that was excluded from their wages.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts to support the claim to entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). There is a "powerful presumption" against rejecting pleadings for failure to state a claim. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When addressing a motion to dismiss, a court must accept as true the complaint's allegations in question, *Hospital Bld. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, *reh'g denied*, 396 U.S. 869, 90 S.Ct. 35 (1969).

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

The first amended complaint specifically alleges that:

1. Sun Pacific failed to pay workers from the time they started work (¶ 37);
2. Workers performed "off-the-clock," unpaid and unrecorded work, including organizing materials and equipment (¶ 37);
3. Workers were trained for 15-30 minutes before the official, recorded time start (¶ 38);
4. Workers were required to perform pre-shift work (¶ 38, 53);
5. Workers performed "off-the-clock" work at the end of the day or brought work home (¶ 39, 53);
6. Workers worked more than 10 hours per day and were not paid overtime (¶ 40, 53);
7. Sun Pacific disciplined employees by requiring them to "time out" (¶ 41);
8. Sun Pacific did not compensate workers for working through lunch time (¶ 42);
9. Plaintiffs were paid on a piece rate basis which was less than minimum wage (¶ 54);
10. Plaintiffs were required to purchase tools to perform their duties but were not repaid by Sun Pacific (¶ 58);
11. Sun Pacific failed to provide timely meal breaks and rest breaks to entitle plaintiffs to one hour of wages per missed meal and rest breaks (¶ 64, 65, 68, 69);
12. Sun Pacific failed to keep accurate information regarding when plaintiffs started each work period and total hours worked (¶72); and
13. Sun Pacific failed to pay plaintiffs at their termination or within 72 hours of resignation (¶ 78).

Sun Pacific fails to demonstrate that the first amended complaint fails to plead sufficient facts to support plaintiffs' claims. Sun Pacific has not convinced this Court beyond doubt that plaintiffs can prove no set of facts to support their claims. Plaintiffs are entitled to offer evidence to prove their

claims, and Sun Pacific may engage in discovery to gather information to test the claims and to calculate plaintiffs' allege damages.

**Private Right To Sue For Meal And Rest Periods**

Sun Pacific contends that plaintiffs lack a private right of action to sue for their meal (fifth cause of action) and rest period (sixth cause of action) penalties under California Labor Code section 226.7 ("section 226.7"). Plaintiffs respond that California courts entertain private suits under section 226.7 and that no authority bars such suits.

Section 226.7 states:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

In *Nat'l Steel and Shipbuilding v. Superior Court of San Diego County*, 135 Cal.App.4th 1072, 1081, 38 Cal.Rptr.3d 253, 260 (2006), *vac'd, rev. granted April 12, 2006*, the California Court of Appeal explained:

> . . .Senate amendments . . . eliminated the need for an employee to file an enforcement action and instead created an affirmative obligation on the employer to pay the employee the one hour's pay – "the employer *shall pay* the employee . . . for each work day . . . ."
> . . . Thus, although section 226.7 penalizes an employer from requiring an employee to work through a mandated rest or meal period, the statute is self-executing in that an employee is immediately entitled to the section 266.7 payment, just like an employee is immediately entitled to payment for overtime.

To support their claims for private actions for missed meal and rest periods, plaintiffs point to California Labor Code section 218: "Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article." Sun Pacific fails to demonstrate that section 226.7 does not permit plaintiffs to pursue private actions for missed meal and rest periods. To exclude such private rights of action, the California Legislature could have expressly done so. The first amended complaint seeks statutory penalties available to aggrieved agricultural workers. *See Caliber Bodyworks v. Superior Court*, 134 Cal.App.4th 365, 378, 36 Cal.Rptr.3d 31, 40 (2005) ("an employer is potentially liable for unpaid wages and interest, statutory penalties *and* civil penalties for many violations of Labor Code wage-and-hour provisions.") Sun Pacific

fails to demonstrate absence of a private action for missed meal and rest periods.

**Profits Disgorgement**

The first amended complaint alleges a ninth cause of action for unfair competition under California Business and Professions Code sections 17200, et seq. ("unfair competition law").  Sun Pacific seeks to strike paragraph 88 included in the ninth cause of action and which states:

> Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above.  Pursuant to the Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, their agents or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including, but not limited to, **disgorgement of ill gotten gain** which may be necessary to restore Plaintiffs and the class members to the money defendants have unlawfully failed to pay.  (Bold added.)

Sun Pacific further seeks to strike the portion of the first amended complaint's prayer seeking "restitution for unfair competition pursuant to Business & Professions Code § 17200, including **disgorgement of profits**, in an amount as may be proven." (Bold added.)  Sun Pacific argues that the unfair competition law permits only restitution, not profits disgorgement. Plaintiffs contend that failure to compensate employees forced to work through meal and rest breaks is an unlawful business practice and that plaintiffs "are entitled to additional compensation."

F.R.Civ.P. 12(f) authorizes a motion to strike:

> Upon motion made by a party before responding to a pleading . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

A F.R.Civ.P. 12(f) motion's function "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins, Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994).

As noted by Sun Pacific, the California Supreme Court has precluded profits disgorgement as an unfair competition law remedy.  In *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144, 131 Cal.Rptr.2d 29, 37 (2003), the California Supreme Court explained:

> While the scope of conduct covered by the [unfair competition law] is broad, its remedies are limited. . . . An [unfair competition law] action is equitable in nature; damages cannot be recovered. . . . We have stated that under the [unfair competition

law], "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." The California Supreme Court further explained that "'disgorgement' is a broader remedy than restitution" and "an order for disgorgement 'may include a restitutionary element, but is not so limited.'" *Korea Supply*, 29 Cal.4th at 1145, 131 Cal.Rptr.2d at 38.

Plaintiffs cite no pertinent authority to warrant profits disgorgement as a remedy. Based on the California Supreme Court's preclusion of profits disgorgement as an unfair competition law remedy, the disgorgement language is stricken from the first amended complaint's paragraph 88 and its prayer paragraph section 9.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DENIES Sun Pacific's request to decline to exercise jurisdiction over plaintiffs' state law claims and to stay this action pending their state court resolution;

2. DENIES Sun Pacific's F.R.Civ.P. 12(b)(6) motion to dismiss the first amended complaint and motion for more definite statement;

3. DENIES Sun Pacific's request to dismiss the first amended complaint's failure to allow meal and rest breaks (fifth and sixth) causes of action;

4. STRIKES from the first amended complaint:
    a. "and/or, including, but not limited to, disgorgement of ill gotten gain which may be necessary to restore Plaintiffs and the class members to the money defendants have unlawfully failed to pay" at page 17, lines 5-7; and
    b. "including disgorgement of profits" at page 18, line 5; and

5. SETS a scheduling conference for April 3, 2007 at 8:30 a.m. in Department 4 (LJO). The parties are encouraged to appear at the mandatory scheduling conference by telephone by arranging a one-line conference call and then adding the Court at (559) 499-5680;

6. ORDERS the parties, no later than March 27, 2007, to file a Joint Scheduling Report which includes the information required by Exhibit A to the July 10, 2006 order setting the original scheduling conference and to e-mail a copy of the Joint Scheduling Report

as an attachment to ljoorders@caed.uscourts.gov and formatted in WordPerfect or Word; and

7. ORDERS the parties to otherwise comply with the July 10, 2006 order setting the original scheduling conference.

This Court takes under submission Sun Pacific's pending motion to dismiss Mr. Bran, to award costs and to show cause, vacates the March 26, 2007 hearing on that motion, and will issue a separate order on the motion.

IT IS SO ORDERED.

Dated:     March 1, 2007                         /s/ Lawrence J. O'Neill
66h44d                                           UNITED STATES DISTRICT JUDGE