IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS BRAN,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>SUN PACIFIC FARMING COOPERATIVE, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. CV F 06-0871-LJO- TAG<br><br>**ORDER DENYING DEFENDANT'S MOTION** FOR AN ORDER DISMISSING BRAN WITH PREJUDICE, AWARDING COSTS AND SANCTIONS |

**INTRODUCTION**

In this farm laborer wage and overtime action, defendants Sun Pacific Farming Cooperative and Sun Pacific Farming Co. (collectively "Sun Pacific") ask this Court to take the following three actions: (1) issue an order ruling that the voluntary dismissal of this action by former plaintiff Tomas Bran ("Bran")is an adjudication on the merits and therefore a dismissal "with prejudice;" (2) award Sun Pacific attorneys fees and costs incurred in defending against a Kern Court State Court action filed by and dismissed by Bran pursuant to Fed. R. Civ. Pro. 41(a) and (d); and (3) issue an Order to Show Cause why Bran and his attorneys should not be sanctioned for filing this action pursuant to Fed. R. Civ. P. 11(c)(1)(B) and 11(b). For the reasons herein described, this Court DENIES Sun Pacific's motions.

///

///

1

# BACKGROUND

## State Court Action

On October 29, 2004, Bran filed in Kern County Superior Court his action entitled *Tomas Bran v. Sun Pacific Farming Cooperative, Inc., et al.*, Case No. S-1500-CV-254102 ("Kern action"). In the Kern action, Bran alleged nearly identical claims to those at issue in this action--that Sun Pacific employed migrant, year-round and seasonal laborers to harvest and pick table grapes but failed to pay for all hours worked and to pay overtime, to provide meal and rest periods, and to keep accurate records. Ultimately, the court struck all class allegations and granted Bran's voluntary dismissal without prejudice on December 7, 2005, two court days prior to trial.[1]

## Federal Action

Seven months later, on July 10, 2006, Bran commenced this current action, alleging Sun Pacific violated the Migrant and Seasonal Agricultural Workers Protection Act ("Workers Protection Act"), 29 U.S.C. §§ 1801, et seq. and seven state law causes of action (breach of contract, failure to pay wages and/or overtime, failure to allow meal and rest breaks pursuant to Cal. Lab. Code, § 226.7, failure to keep accurate information and to provide accurate statements of hours and wages under Cal. Lab. Code, § 226 and IWC Wage Order 14, waiting time and penalties under Cal. Lab. Code, § 203, and unfair competition under Cal. Bus. & Prof. Code, § 17200). On September 18, 2006, Sun Pacific filed a Motion to Dismiss, claiming Bran did not have standing to sue under the Workers Protection Act.

On October 13, 2006, Bran was voluntarily dismissed from this action as plaintiff and class representative, because as a tractor driver, he is not a "seasonal agricultural worker" under the Workers Protection Act and therefore did not have standing. On the same day, Ms. Garcia and Mr. Pompa (collectively "Plaintiffs") filed a first amended complaint to replace Bran as plaintiff and class

---

[1] The parties disagree as to why the voluntary dismissal in the state court action occurred on the eve of trial. Bran contends that after attempts to amicably settle the dispute, Sun Pacific abruptly and inexplicably pulled out of the settlement discussions at the last minute and refused to a join in a motion to vacate the trial date. Plaintiff's Opposition, p. 3. Sun Pacific claims that shortly before the December 8, 2005 hearing, Sun Pacific learned that Bran's attorneys had been unable to locate their client or communicate with him for some time. Def.'s Motion, p. 3.

representative and to add a cause of action.[2]

## Sun Pacific's Motions

Sun Pacific seeks:

1. An order that Bran's voluntary dismissal be ruled a dismissal on the merits with prejudice of all his claims concerning the subject matter pursuant to Federal Rule of Civil Procedure 41(a);

2. An order awarding Sun Pacific its costs, including attorney's fees incurred to defend Bran's state court action pursuant to Federal Rules of Civil Procedure 41(d) and for an order staying this action until such costs are paid; and

3. A discretionary order pursuant to Federal Rule of Civil Procedure 11( c )(1)(B) that Bran and his attorneys show cause why they should not be sanctioned.

## DISCUSSION

I. **Jurisdiction and FRCP Rule 41(a) voluntary dismissals**

Sun Pacific asks this Court to enter an order dismissing Bran's claims with prejudice. Sun Pacific relies on Federal Rule of Procedure 41(a) in its contention that a second voluntary dismissal by a plaintiff acts as an "adjudication on the merits" of those claims, thereby entitling Sun Pacific to entry of such a dismissal order against him on the merits. Bran counters that this Court has no authority to issue such an order, because once Bran filed the voluntary motion to dismiss, this Court was divested of jurisdiction over Bran. Rule 41 reads:

> (a) **Voluntary Dismissal: Effect Thereof**. (1) ...[A]n action may be dismissed by the plaintiff without order of the court (I) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise states in the notice of dismissal, or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state action based on or including the same claim.

The Kern action filed by Bran in state court included identical claims as those for which he filed

---

[2] Sun Pacific also filed a Motion to Dismiss Plaintiffs as a class, however that Motion was denied on March 1, 2007. See *Bran et al. v. Sun Pacific*, 1 CV-F-06-871 LJO TAG, "Order on Defendants' Motion to Dismiss First Amended Complaint" (March 1, 2007).

in the current action; namely, breach of contract, failure to pay wages and/or overtime, failure to allow meal and rest breaks and violations of unfair competition law.[3]  Bran filed for a voluntary dismissal of the state action on December 7, 2005.  Therefore, Rule 41(a) does apply in the instant case.

Once Bran filed the notice of voluntary dismissal pursuant to Rule 41(a), however, this Court was divested of jurisdiction concerning the plaintiff.  Without jurisdiction, the Court may not condition the dismissal as Sun Pacific requests.  On this point, the Ninth Circuit is explicit:

> [O]nce a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal. Nor may it rule at the defendant's request on whether the plaintiff's notice of dismissal in a second action is with prejudice or without prejudice.

*Commercial Space Management Co. Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1075 (9th Cir. 1999).  In *Commercial Space Management*, the Ninth Circuit addressed the exact issue before the Court and resolved it in the following way:

> We first turn to Rule 41(a)(1) itself, for this case turns on whether the district court had discretion, at Boeing's request, to recondition CSMC's "Notice of Dismissal Without Prejudice" in Action # 2 as a dismissal "with prejudice." So far as we are aware, this precise question has not been considered before. However, all that we and other courts have said about voluntary dismissals makes it clear that a court has no discretion to exercise once a Rule 41(a)(1) dismissal is filed.

*Id*.  This is because a plaintiff has an absolute right to file a voluntary dismissal before an answer or motion for summary judgment is filed by a defendant.  Rule 41 confers onto a plaintiff

> an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. A plaintiff may dismiss his action so long as the plaintiff *files* a notice of dismissal prior to the defendant's *service* of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required . . . . The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice . . . . Such a dismissal leaves the parties as though no action had been brought.

*American Soccer Co. Inc., v. Score First Enterprises*, 187 F.3d 1108, 1109 (9th Cir. 1999) (citing *Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)* (citations and footnote omitted); *see Concha v.*

---

[3] Sun Pacific asserts that Federal Rule of Civil Procedure 41 (a) is applicable here because the Kern County lawsuit is based on an "identical case or controversy" and that Bran "re-filed the identical complaint in this action, only to dismiss it voluntarily again." Def.'s Mem. Supp. Dismiss Bran, 5. As discussed *infra* and according to the clear language of the rule Rule 41(a), the rule does not come into effect simply because it is the same case or controversy.  Instead, Rule 41(a) applies when the same claims are filed.

*London*, 62 F.3d 1493, 1506 (9th Cir. 1995).

It is well-settled that this Court does not have the jurisdiction to carry out Sun Pacific's request. Sun Pacific's concern that Bran "still seems to lurk at the edge's (sic) of the Court's jurisdiction"[4] is understandable but inaccurate. As discussed above, the filing of the voluntary dismissal terminated Bran's association with this action. He is no longer a party. The "two dismissal" rule adjudication on the merits Sun Pacific now seeks is not yet ripe. "Rule 41 itself prescribes the *effect* of Rule 41(a)(1) dismissals. Accordingly, whether the second voluntary dismissal is subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the merits is an issue that *becomes ripe (and can be determined) only in a third action, if and when one is filed*." *Commerical Space Management,* 193 F.3d at 1075 (emphasis added). Therefore, such a decision on the merits would become ripe if Bran were to file a third action. Until then, this Court can take no further action.

## II. Attorney's Fees pursuant to FRCP 41(d)

Sun Pacific next asks this Court to award $318,235.89 in costs and attorneys' fees which it purports to have incurred while litigating the Kern action. Along with this request, Sun Pacific also seeks a stay of this action until payment occurs. For both of these requests, Sun Pacific relies on Rule 41(d), which reads:

> **Costs of Previously-Dismissed Action**. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Sun Pacific relies on *Esquivel v. Arau*, 913 F. Supp. 1382 (C.D. Ca. 1996) in support of its prayer for an award of attorneys' fees and costs. Before determining whether it was appropriate to award costs and fees, the *Esquivel* court laid out the following rules:

> The language of Rule 41(d) clearly indicates that it conveys "broad discretion" on federal courts to order stays and payment of costs, and that neither is mandatory. *United Transportation Union v. Maine Central Railroad Corp.*, 107 F.R.D. 391, 392 (D.Me. 1985); *Wahl v. City of Witchita*, 701 F.Supp. 1530, 1533 (D.Kan. 1988). Rule 41(d) is "intended to serve as a deterrent to forum shopping and vexatious litigation." *Simeone v. First Bank Nat'l Ass'n.*, 971 F.2d 103, 108 (8th Cir. 1992).

---

[4] Def.'s Reply Mem. Mot. Dismiss Bran, 4. Sun Pacific clarifies for the Court that this Motion is concerned with determining "against whom, in fact, it is litigating" and would like to see a "definitive end to Mr. Bran's 'now you see him, now you don't' litigation tactics." *Id.*, p. 2.

*Id.* at 1383. Thus, an award of attorneys' fees and costs is not automatic, but within the discretion of this Court. Further, such an award is intended to serve as a deterrent to forum shopping and vexatious litigation.

In *Esquivel*, the Court awarded attorneys' fees and costs, because, among other things, it found the selection of the first forum, the Southern District of New York "questionable, to say the least." *Id.* at 1385. The court went on to conclude that a showing of bad faith is not a requirement for an award under Rule 41(d). Rather, a

> court should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant. Here, Esquivel has failed to present a persuasive explanation for the course of litigation described above, and it is clear that defendants have incurred needless expenditures as a result. Thus, an award under Rule 41(d) is appropriate.

*Id.*

According to this rule, the Court should first assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d). One of the critical factors in determining whether Rule 41(d) applies is whether the parties and the claims are the same as those in the previously dismissed action. See *Simeone v. First Bank Nat'l. Ass'n*, 125 F.R.D. 150 (D.Minn. 1989); *Wahl v. City of Witchita*, 701 F.Supp. 1530, 1533 (D. Kan. 1988); *Esquivel v. Arau*, 913 F.Supp. 1382, 1387 (C.D. Cal. 1996).

The current procedural posture of the case is such that the party who filed the first suit and the instant action is no longer a plaintiff. On October 13, 2006, Bran filed a voluntary dismissal and was terminated from this action. On the same day, Garcia and Pompa entered as plaintiffs in this action. Their status as plaintiffs was upheld in an order of this Court issued on March 1, 2007.[5] The current Plaintiffs–Garcia and Pomba–took no part in the prior Kern Action. "It seems clear that one who was not a party to a previous lawsuit incurred no costs with respect to that lawsuit and accordingly [defendant] is not entitled to an award of costs pursuant to [Rule] 41(d). *Simeone v. First Bank Nat'l. Ass'n*, 125 F.R.D. 150, 154 (D.Minn. 1989). The current plaintiffs did not take part in the previous dismissal. Therefore, Rule 41(d) does not apply to them. Accordingly, this Court will not assess any request for attorneys' fees and costs against the current Plaintiffs, since they should not be forced to pay

---

[5] See *Bran et al. v. Sun Pacific*, 1 CV-F-06-871 LJO TAG, "Order on Defendants' Motion to Dismiss First Amended Complaint" (March 1, 2007).

costs for the dismissal of an action they were not involved in.

Even Sun Pacific agrees that the "motion, is of course, directed to Mr. Bran's conduct in initiating and then dismissing the identical action in this Court–or more accurately, plaintiffs' counsel's orchestration of that filing and dismissal in Mr. Bran's name." Def.'s Reply Supp. Mot. Dismiss Bran, 3. Because Bran is no longer a plaintiff, however, this Court no longer has jurisdiction over him and can make no order affecting him.

> The language of rule 41 (a)(1) is unequivocal. It permits a plaintiff to dismiss an action "without order of court." . . . "The [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing."

*Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993).

Considering this, Rule 41(d) does not apply in the instant case. Plaintiffs Garcia and Pomba, were not participants in the Kern action and therefore did not dismiss a previous action. Bran is no longer a Plaintiff. Similarly, this illustrates one glaring distinction between *Esquivel* and instant matter-- Esquivel was still a party to the action and still a plaintiff, while Bran is not.

*Esquivel* exemplifies a situation contemplated and applicable under Rule 41(d)–a plaintiff simultaneously files suit in two separate courts, without any ties to one forum, coupled with other evidence that plaintiff was forum shopping. In such a situation ,the application of the rule makes sense. A court, in its discretion, may order the Plaintiff to pay for the costs and for other expenses which are not useful to the subsequent suit and stay the pending case until those costs are paid. In this case, on the other hand, Sun Pacific has offered no proof to substantiate the claims of vexatious litigation or forum shopping.[6]  Furthermore, no purpose is served by staying the instant action. To do so would only

---

[6] Simply re-filing the same claim in a separate court, without more, does not rise to the level of vexatious litigation. In *Espinoza v. Marshall*, 2007 U.S. Dist. LEXIS 8684 (E.D. Ca 2007), this Court relies on Cal. Code Civ. Pro. §391 to describe vexatious litigation, which provides:

As used in this title, the following terms have the following meanings: a) "Litigation" means any civil action or proceeding, commenced, maintained or pending in any state or federal court. (b) "Vexatious litigant" means a person who does any of the following: (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing. (2) After

punish Garcia and Pomba, plaintiffs who never filed a previous action against Sun Pacific. Therefore, notwithstanding the finding that Rule 41(d) is inapplicable, this Court finds no evidence of forum shopping or vexatious litigation. In its discretion, it declines to award the requested attorneys' fees and costs in excess of $300,000 to Sun Pacific.

**III. Rule 11 Sanctions**

Finally, Sun Pacific asks this Court to issue an Order to Show Cause pursuant to Rule 11(c)(1)(B) why sanctions should not be imposed on Bran and his attorneys under Rule 11(b) for presenting their original complaint without legal or factual basis for asserting federal matter jurisdiction or standing to state a claim. Sun Pacific requests sanctions for a number of reasons. First, it claims that the most rudimentary fact–the plaintiff's occupation in a work-related suit–was not ascertained by Plaintiff's attorney before filing suit, thereby proving that Bran and his attorneys had no evidentiary support for the factual contentions which made up the necessary jurisdictional basis of Mr. Bran's purported federal claim. Sun Pacific further contends that Bran and his attorneys did not conduct the "reasonable inquiry" required by FRCP 11(b) prior to filing. From these actions, Sun Pacific surmises that Bran and his attorneys filed the instant action for the improper purposes of either harassing Sun Pacific or causing unnecessary and needless increase of litigation expenses.

A motion for sanctions under Federal Rule of Procedure 11 (c)(1)(A):

> shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served...,but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other

---

a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final, determination against the same defendant or defendants as to whom the litigation was finally determined. (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay. (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence. (c) "Security" means an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant. (d) "Plaintiff" means the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained, including an attorney at law acting in propria persona. (e) "Defendant" means a person (including corporation, association, partnership and firm or governmental entity) against whom a litigation is brought or maintained or sought to be brought or maintained.

period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriate.

A reading of the rule quickly reveals that the instant motion fails on two procedural grounds. First, Sun Pacific did not file the Motion for Sanctions pursuant to Rule 11 in a separate motion, as required by the rule. Rather, Sun Pacific includes this motion with the additional requests discussed above.

Secondly, and more importantly, Sun Pacific has not abided by the 21-day safe harbor rule written into Rule 11 (c)(1)(A) in 1993. Rule 11(c)(1)(A) places a "hold" on filing sanctions motions to allow the party against who sanctions are sought opportunity for correction. See *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998). The 21-day hold is an "absolute prerequisite" and without proper notice, Rule 11 sanctions cannot be imposed, no matter how frivolous the conduct may be. *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th cir. 2001). Because of this procedural defect, Sun Pacific's request for Rule 11 sanctions is denied.[7]

**CONCLUSION**

For the foregoing reasons, the Court:

    1. DENIES the motion to dismiss Bran with prejudice, for lack of jurisdiction;

    2. DENIES the motion to exercise its discretion to award attorneys' fees and costs; and

    3. DENIES the motion for this Court to issue an Order to Show Cause why Rule 11 sanctions should not be imposed.

IT IS SO ORDERED.

**Dated:     March 13, 2007            /s/ Lawrence J. O'Neill**
b9ed48                                                  UNITED STATES DISTRICT JUDGE

---

[7] Because the Court denied this motion on procedural grounds, the Court does not reach the question of jurisdiction or the substantive issues.