McNICHOLAS & McNICHOLAS, LLP
Matthew S. McNicholas, Esq. (State Bar No. 190249)
E-mail: msm@mcnicholaslaw.com
Catherine Burke Schmidt, Esq. (State Bar No. 212827)
10866 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90024-4338
(310) 474-1582; FAX: (310) 475-7871

KINGSLEY & KINGSLEY, APC
Eric B. Kingsley, Esq. (State Bar No. 185123)
E-mail: kingsleylaw@aol.com
Darren M. Cohen, Esq. (State Bar No. 221938)
16133 Ventura Blvd., Suite1200
Encino, CA 91436
(818) 990-8300; FAX (818) 990-2903

LAW OFFICES OF MARCOS CAMACHO
Marcos Camacho, Esq. (State Bar No. 123501)
E-mail: mcamacho@mclawmail.com
Thomas Patrick Lynch, Esq. (State Bar No. 159277)
P.O. Box 9009
Bakersfield, CA 93389-9009
(661) 324-8100; FAX (661) 324-8103

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS BRAN; on behalf of himself and a class of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUN PACIFIC FARMING COOPERATIVE, a California Corporation; SUN PACIFIC FARMING CO., form unknown; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 1:06-CV-00871-LJO-TAG<br><br>**STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON** |

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties to this proceeding and ordered by this Court that:

1. This Stipulation For Protective Order; Order Thereon (hereinafter "Protective Order") shall govern the use and disclosure of all "Discovery Materials," as defined below, which are created or produced in connection with the above-captioned action. "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

2. "Confidential" shall mean information and/or documents recognized by established laws of the United States and the State of California, as being entitled to protection from unrestricted disclosure in civil actions and designated as such by a Designating Party, as defined below. The parties specifically agree that this includes but is not limited to proprietary information of any party or of third parties and rights of privacy of employees of any defendant.

3. "Designating Party" shall mean any party or non-party, who designates Discovery Material as Confidential.

4. Any Designating Party warrants that the designation is being made in good faith and that the Confidential Discovery Material is believed to be recognized under the laws of the United States and the State of California, as being entitled to protection from unrestricted disclosure in civil actions.

**GOOD CAUSE STATEMENT:** Absent a protective order, the public disclosure of personal identifying, compensation, benefits and performance information regarding employees of defendant Sun Pacific Farming Cooperative, Inc. other than the named plaintiffs would prejudice and harm the involved employees by subjecting them to an unwarranted and unnecessary invasion or violation of their rights of privacy and would similarly pose a risk of harm to defendants for

allowing such a breach of privacy. The disclosure, outside the parameters of this Protective Order, of defendant's non-public financial, sales, pricing, cost, policies, handbook and training information regarding the company, its clients, customers or vendors would prejudice and harm defendant by bestowing an unfair competitive advantage upon its competitors by affording those competitors the ability to make use of and capitalize on such information to divert business from defendant or enhance their market position without investing their own resources.

5. The designation of Discovery Materials as Confidential pursuant to Paragraph six (6) of this Protective Order shall be provisional and shall not constitute a ruling that those materials actually contain Confidential information.

6. Any party or non-party may designate any Discovery Material as Confidential in the following manner:

    a. Answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; or copies, excerpts or summaries of any of the foregoing, may be designated Confidential either by: (i) marking, either before or as the document is produced, the word "Confidential" on each page of the document that contains Confidential information or (ii) notifying the other party in writing, either before or as the document is produced, of the "Bates" number (if such numbers have been placed on that document) of each page of the document that contains Confidential information.

    b. Information disclosed at a deposition may be designated Confidential by either: (i) indicating on the record at the deposition that the information and specifying the Confidential information; or (ii) by notifying all Parties in writing of the specific page(s) and line(s) of the transcript and/or exhibits that are deemed Confidential within forty-five (45) days of either the delivery of the transcript or the date of execution of this Protective Order.

c. Any Discovery Material already produced may be designated as Confidential by providing written notice of the same to all parties within thirty (30) days after court approval of this Stipulation. The failure to designate Discovery Materials as Confidential shall not be deemed a waiver of confidentiality so long as the Discovery Materials are so designated by no later than the date established by the Court for the cutoff of discovery.

7. Confidential Discovery Materials and all copies thereof:

    a. shall be disclosed only to:

        i) the Court;

        ii) attorneys of record in this action and employees of their respective law firms or legal departments, all of whom shall be bound by this Protective Order;

        iii) parties to this action who are natural persons and persons employed by or otherwise affiliated with any of the other parties whose knowledge of the Confidential Discovery Materials is necessary in order to enable the party by which the person is employed or with which the person is affiliated to prosecute or defend this action effectively, but only after each such person has reviewed this Protective Order with the assistance of an attorney of record;

        iv) persons not employed by or otherwise affiliated with any of the parties who are retained by or on behalf of any of the attorneys of record in this action solely to assist them in the preparation of this case for trial (including but not limited to independent accountants, statisticians, economists, and other experts, as well as translators and court reporters), but only after each such person has reviewed this Protective Order with the assistance of an attorney of record; and/or

        v) actual or potential witnesses, provided there is a reasonable basis to believe that the witness will give relevant testimony regarding the Confidential Discovery Material, and provided that said witness has reviewed this Protective Order with the assistance of an attorney of record, and has signed and delivered to

such counsel a written agreement to be bound by, and comply with, the terms of this Protective Order.

b. shall be copied only by attorneys of record, clerical personnel employed by such attorneys or independent copying services engaged by such attorneys, provided that the attorney engaging any copying service has no reason to believe that that service or any of its employees is likely to disclose or use any Confidential Discovery Material in a way that would violate this Protective Order if the service and its employees were bound by the Protective Order.

8. If any party or non-party wishes to use Confidential Discovery Material outside the confines of this or any protective order at any time after receipt, said party or non-party shall notify all other parties in writing of the materials intended to be used (hereinafter "Written Notice.") Thereafter, the Designating Party shall have ten (10) business days from the date of receipt to respond, in writing. Such response shall indicate either that the Designating Party wishes to maintain their designation, in whole or part, or that the designation is withdrawn. If such response indicates the designation is being maintained only in part, it shall set forth with specificity which information continues to bear the designation of Confidential. If the Designating Party fails to respond within the ten (10) business days as prescribed in this paragraph, and the Party giving written notice under this paragraph eight (8) has proof of actual delivery of the notice to counsel for the Designating Party, the provisional designation of Confidential shall be deemed withdrawn in whole for all time in this litigation as to the Designating Party and the Discovery Material at issue may be used in any manner, provided, however, the "deemed withdrawal" outcome will not be deemed to apply to Confidential Discovery Material which is protected by rights of privacy of employees of any defendant (other than the purported class representatives) or to persons who are not parties to this litigation.

9. If the Designating Party responds as described in paragraph eight (8), above, indicating that they wish to maintain a provisional designation, in whole or part, and wishes to continue to maintain such designation, it shall be the Designating Party's sole responsibility to

arrange a conference consistent with Local Rule 37-251 and seek proper relief from the Court in the form of the appropriate motion(s). In seeking such relief, the burden shall be on the Designating Party to establish why challenged Discovery Materials should be classified as Confidential by the Court. Such motion must be filed and served no more than twenty one (21) calendar days from the receipt of any Written Notice pursuant to Paragraph eight (8), above, and shall be noticed consistent with Local Rule 37-251(a). All parties who are concerned with the motion shall assist in the preparation, and sign a Joint Statement re Discovery Disagreement as described in Local Rule 37-251. Any Confidential Discovery Materials shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved as described in this Protective Order.

10. All documents and materials filed with the court, which consist of or contain Confidential information, or information contained therein or derived therefrom, shall be filed under seal. If the parties desire to file Confidential Discovery Materials with the Court under seal, they shall comply with Local Rule 39-141. If such application is granted, Confidential Discovery Material shall be filed in sealed envelopes or containers on which shall be written the title of this action, the identity of the party filing and/or serving the material, the designation "CONFIDENTIAL" and a statement substantially in the following form: "This envelope contains materials subject to a Protective Order entered in this action and sealed pursuant to the [date] order of the Hon. _____. It is not to be opened or the contents thereof to be displayed, revealed or made public, except by further order of the Court." No such sealed envelope shall be opened except by the Court or on Court order.

11. This Protective Order may not prevent any party or non-party from utilizing material designated Confidential in conjunction with any Court filing or at time of trial. Furthermore, if the court should deny a request to file papers under seal pursuant Paragraph ten (10) above, for reasons other than a party's failure to submit a proper request therefore, the Discovery Materials at issue may be filed as if never designated as Confidential.

12. The inadvertent or unintentional disclosure by either party of Confidential information that was not so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party to which the information was disclosed shall not be held to have violated this Protective Order because it did not treat that information as confidential between the time it was disclosed and the time when the party that disclosed it notified the other party of the designation of that information as Confidential.

13. No part of the restrictions imposed by this Protective Order may be modified or terminated, except by an order of this Court upon stipulation executed by all counsel of record or on motion of any party or of the Court for good cause shown.

14. By stipulating to this Protective Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain Discovery Materials than those provided in this Protective Order on the grounds that those Discovery Materials contain especially sensitive Confidential information.

15. In the event that a producing party discovers that information or documents which are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the producing party shall notify the receiving party within ten (10) days of discovery of the error and provide a privilege log to the receiving party that complies with the Federal Rules of Civil Procedure. The receiving party shall return all copies of the information or documents to the producing party within ten (10) days of receipt of such notice. However, within ten (10) days of receipt of such notice, if the receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, provide the Court with one copy of the disputed privileged material for in camera review together with an explanation as to why the document should not be deemed privileged. The producing party shall then have ten (10) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged. Alternatively, the receiving party can return all copies of the alleged

privileged material to the producing party and later challenge the privileged status of that material. There is no deadline for challenging the producing party's assertion of privilege, although, if the challenge is made after all copies of the alleged privileged material are returned to the producing party, the producing party agrees, at the request of the receiving party, to provide the Court with one copy of the disputed privileged material for in camera review. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work product doctrine. The fact that privileged documents are returned shall not be construed as an admission by the receiving party that the documents are in fact subject to the attorney-client privilege or the work-product doctrine.

16. All originals and copies of Confidential Discovery Materials shall remain confidential at the termination of this litigation (whether by final judgment, appeal, settlement or otherwise). Within thirty (30) days of termination of this litigation, any party who has received Confidential Discovery Materials shall deliver all copies of same to its counsel or to the producing party. Attorneys of record may keep copies of Confidential Discovery Materials in their files and/or in storage, provided that such materials are maintained in compliance with the procures mandated by this Protective Order. Any Confidential Discovery Materials that are returned to the producing party shall be maintained by the producing party's attorney of record for a period of not less then five years.

///
///
///
///
///
///
///
///
///

17. The termination of this action shall not terminate the duty of persons receiving Confidential Discovery Material in the course of this action to maintain the confidentiality thereof as set forth in this Protective Order and the Court shall retain jurisdiction to enforce this Protective Order.

IT IS SO STIPULATED.

Dated: December 4, 2007

McNICHOLAS & McNICHOLAS, LLP

By: /s/ Matthew S. McNicholas
Matthew S. McNicholas
Catherine Burke Schmidt
Attorneys for Plaintiffs,
SANDRA GARCIA, et al.

Dated: December 5, 2007

NIXON PEABODY LLP

By: /s/ Dale A. Hudson
Dale A. Hudson
Attorneys for Defendants,
SUN PACIFIC FARMING COOPERATIVE, INC.

ORDER

IT IS SO ORDERED.

Date: 12/14/2007

THERESA A. GOLDNER
U.S. Magistrate Judge